**20-1868**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

NATIONAL ASSOCIATION OF IMMIGRATION JUDGES, affiliated with the International Federation of Professional and Technical Engineers,

*Plaintiff–Appellant*

v.

DAVID L. NEAL, in his official capacity as Director of the Executive Office for Immigration Review,

*Defendant–Appellee*

On appeal from the United States District Court for the
Eastern District of Virginia — No. 1:20-cv-00731-LO-JFA (O'Grady, J.)

# COMBINED MOTION TO VACATE AND PETITION FOR REHEARING

Ramya Krishnan
Stephanie Krent
Alyssa Morones
Alex Abdo
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
ramya.krishnan@knightcolumbia.org

Victor M. Glasberg
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100
vmg@robinhoodesq.com

*Attorneys for Plaintiff–Appellant*

**Table of Contents**

Table of Authorities.................................................................................ii

Introduction .............................................................................................1

Procedural History...................................................................................2

Argument.................................................................................................6

    I.    The Court should vacate both the panel opinion and the district court opinion because NAIJ's decertification nullifies the factual predicate of those opinions. ..........................................................6

        A.    The Court should vacate the opinions pursuant to *Munsingwear* because NAIJ's decertification renders the jurisdictional issue, which the Court and district court considered dispositive, moot. ..........................................7

        B.    The Court should at least vacate its opinion pursuant to its authority to amend an opinion before the mandate issues...............9

    II.    In the alternative, the panel should grant rehearing to modify its opinion in light of NAIJ's decertification. ...............................10

Conclusion.............................................................................................12

## Table of Authorities

**Cases**

*Alphin v. Henson*, 552 F.2d 1033 (4th Cir. 1977) ................................................6, 10

*Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43 (1997) ...........................................8

*Azar v. Garza*, 138 S. Ct. 1790 (2018) ...................................................................7

*First Gibraltar Bank, FSB v. Morales*, 42 F.3d 895 (5th Cir. 1995).......................10

*Food & Water Watch v. EPA*, 20 F.4th 506 (9th Cir. 2021) ...................................12

*Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14
    F.4th 322 (4th Cir. 2021)...................................................................7, 8, 9

*Invention Submission Corp. v. Dudas*, 413 F.3d 411 (4th Cir. 2005) .....................11

*Nat'l Ass'n of Immigr. Judges v. FLRA*, No. 22-1028 (D.C. Cir. 2022) ..............4, 6

*Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150 (4th Cir. 2010) ...............7, 8

*Schell v. Chief Justice & Justices of Okla. Supreme Ct.*, 11 F.4th 1178
    (10th Cir. 2021) ................................................................................12

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994) ....................8

*U.S. Dep't of Def. Dependent Schs., Fort Bragg, N.C. v. FLRA*, 838
    F.2d 129 (4th Cir. 1988)......................................................................8

*United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).........................................2

*Wilson v. Ozmint*, 357 F.3d 461 (4th Cir. 2004) ...........................................7, 9, 10

**Statutes**

5 U.S.C. § 1701 ..................................................................................................1

**Other Authorities**

Fed. R. App. P. 40 ............................................................................................11

*Nat'l Ass'n of Immigr. Judges*, 71 F.L.R.A. 1046 (Nov. 2, 2020) ............................3

*Nat'l Ass'n of Immigr. Judges*, 72 F.L.R.A. 121 (Jan. 21, 2022)..............................3

*Nat'l Ass'n of Immigr. Judges*, 72 F.L.R.A. 733 (Apr. 12, 2022)............................5

Revocation of Certification, Case No. WA-RP-19-0067 (Reg. Dir. Wash. Region. FLRA Apr. 15, 2022) ....................................................................6

iii

**Introduction**

Through this case, the National Association of Immigration Judges ("NAIJ") challenged a policy issued by the Executive Office for Immigration Review ("EOIR") that imposed an unconstitutional prior restraint on the speech of immigration judges. The district court denied NAIJ's motion for a preliminary injunction, holding that it lacked jurisdiction to hear NAIJ's claims. On April 4, 2022, this Court affirmed the district court's judgment and remanded with instructions to dismiss the case. Both the Court's decision and the decision of the district court were premised on the fact that NAIJ continued to be the certified bargaining representative of non-supervisory immigration judges and, accordingly, could raise claims through the administrative process provided by the Federal Service Labor-Management Relations Statute ("FSLMRS"), 5 U.S.C. § 1701 *et seq.* That is no longer the case. On April 15, 2022, eleven days after this Court entered judgment, and 41 days before the mandate was due to issue, NAIJ was decertified.

Accordingly, NAIJ respectfully moves the Court to vacate the panel opinion and the district court opinion and remand the case for further proceedings in light of NAIJ's decertification. Vacatur is appropriate because NAIJ's decertification renders moot the only issue considered by both courts—namely, whether NAIJ's status as a certified bargaining representative precluded district court jurisdiction over NAIJ's claims. The Court should therefore vacate the opinions and remand

pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). At the very least, it should vacate its opinion pursuant to its power to amend its opinion before the mandate issues. The Court has previously exercised this power where, as here, the facts of a case change after it has rendered a decision, but before the decision becomes final.

In the alternative, NAIJ requests that the Court grant rehearing and amend its opinion to instruct the district court to reconsider NAIJ's motion for a preliminary injunction. The Court correctly anticipated that NAIJ might be decertified following its opinion, but its order overlooked that possibility by requiring the district court to dismiss the case regardless of whether NAIJ was still certified. Now that NAIJ has been decertified, the Court should modify its opinion to vacate the district court's order denying NAIJ's motion for a preliminary injunction and remand with instructions to reconsider that motion.[1]

## Procedural History

NAIJ filed this lawsuit on July 1, 2020 to challenge a speaking-engagement policy issued by EOIR in 2017, and substantially revised in 2020, that categorically prohibits immigration judges from speaking publicly in their personal capacities

---

[1] Government counsel has been informed of this motion to vacate and petition for rehearing, but has not yet responded as to whether it will consent to the motion or file a response in opposition.

about immigration or EOIR, and that requires immigration judges to obtain prior approval before speaking publicly about any other topic. On August 6, 2020, the district court denied NAIJ's motion for a preliminary injunction based on its conclusion that the FSLMRS impliedly divested it of jurisdiction over NAIJ's claims. *See* Dist. Ct. Op. 14–15 (JA290–91). The court reached this conclusion because NAIJ was, at that time, a certified bargaining representative that could raise bargaining disputes through the administrative process provided by the FSLMRS. *Id.* at 11 (JA87) ("[I]n the instant lawsuit, a collective bargaining representative is challenging a policy that is clearly subject to collective bargaining . . . ."). On August 7, 2020, NAIJ appealed the district court's decision to this Court.

At the same time that NAIJ was pursuing this lawsuit, NAIJ was defending itself against a petition the Department of Justice filed with the Federal Labor Relations Authority ("FLRA") in 2019 to decertify the organization. JA61 ¶ 7. On November 2, 2020, while this appeal was pending, the FLRA determined that immigration judges are "management officials" who are not appropriate members of a bargaining unit, and directed the FLRA's Regional Director to exclude them from the bargaining unit represented by NAIJ. 71 F.L.R.A. 1046, 1047 (Nov. 2, 2020). NAIJ filed a motion for reconsideration and a stay of the FLRA's decision on November 17, 2020.

3

On January 21, 2022, four days before oral argument, the FLRA denied NAIJ's motion. *Nat'l Ass'n of Immigr. Judges*, 72 F.L.R.A. 121 (Jan. 21, 2022). NAIJ petitioned the D.C. Circuit for review of this decision, and the FLRA's underlying determination that immigration judges are management officals, on February 23, 2022. *See Nat'l Ass'n of Immigr. Judges v. FLRA*, No. 22-1028 (D.C. Cir. 2022).

Oral argument took place in this case on January 25, 2022. As of that date, the Regional Director had not taken any action to exclude immigration judges from NAIJ's bargaining unit, and NAIJ retained its certification. In multiple colloquies with the panel, government counsel conceded that the case should be remanded for further proceedings if NAIJ were in fact decertified. For example, Judge Heytens asked counsel whether "the government agree[d] that if the Regional Director were to decertify this union, the entire basis of the district court's decision would be called into question because the whole premise was that they have to go through the FLRA process and, if they're decertified, they literally couldn't go through the FLRA process?" *See* Oral Arg. 44:29–45:05, https://www.ca4.uscourts.gov/OAarchive/mp3/20-1868-20220125.mp3. Government counsel answered: "Yes, your honor. I'm not aware of any case law that would support making the type of jurisdictional

channeling arguments we've made here if it was an entity that was not a certified union." *Id.*; *see also id.* 41:29–48 (similar).[2]

On April 4, 2022, this Court issued an unpublished per curiam opinion affirming the district court's judgment and remanding with instructions to dismiss the action without prejudice. *See* 4th Cir. Op. 5, ECF No. 65. The Court entered judgment the same day. ECF No. 66. The Court's opinion explained that because "the Regional Director still has not complied with the FLRA's [November 2, 2020] order," NAIJ remained "at least in a very formal sense," the certified bargaining representative of non-supervisory immigration judges. 4th Cir. Op. 5. Thus, the Court concluded that "[u]ntil the Regional Director complies with the FLRA's order or the FLRA itself decertifies the Union, . . . the Union must proceed through the administrative process provided by the FSLMRS." *Id.*

Less than two weeks after the Court issued its opinion and prior to the expiration of NAIJ's time to seek rehearing, NAIJ's status changed. On April 12, 2022 the FLRA issued an order directing the Regional Director to decertify NAIJ

---

[2] Judge Wilkinson appeared to agree with this statement. *See id.* 45:04–05 ("That is certainly my understanding as well."); *see also id.* 3:43 (Wilkinson, J.) ("Now, if the day comes that [NAIJ is] decertified, then that's a different question, but that hasn't happened yet."). Judge Niemeyer also suggested that remand might be appropriate. *See id.* 41:29–48 (Niemeyer, J.) (asking counsel whether, if the district court denies a motion "for one reason, and . . . that reason disappears," the appropriate response would be remand).

within seven days. *Nat'l Ass'n of Immigr. Judges*, 72 F.L.R.A. 733, 736 (Apr. 12, 2022). On April 15, 2022, the Regional Director complied, entering a revocation of NAIJ's Certification of Representative. Revocation of Certification, Case No. WA-RP-19-0067 (Reg. Dir. Wash. Region. FLRA Apr. 15, 2022).[3] This revocation had the effect of immediately decertifying NAIJ as a union.

That day, NAIJ filed an emergency motion in the D.C. Circuit, seeking an order staying the effect of the Regional Director's revocation pending the court's disposition of NAIJ's petition for review of the FLRA's November 2, 2020 and January 21, 2022 orders. Pet.'s Emergency Mot. for Stay, *Nat'l Ass'n of Immigr. Judges v. FLRA.*, No. 22-1028 (D.C. Cir. Apr. 15, 2022). On April 26, 2022, the court denied that motion. *See* Order (per curiam), *Nat'l Ass'n of Immigr. Judges v. FLRA*, No. 22-1028 (D.C. Cir. Apr. 26, 2022).

## Argument

**I.    The Court should vacate both the panel opinion and the district court opinion because NAIJ's decertification nullifies the factual predicate of those opinions.**

The Court should vacate the panel opinion and the district court opinion and remand for further proceedings because the Regional Director's revocation of NAIJ's certification nullifies the factual predicate of those opinions: specifically,

---

[3] The Regional Director's order is attached hereto as Exhibit 1.

NAIJ's status as the certified bargaining representative of non-supervisory immigration judges. The Court has the authority to vacate and remand because the mandate has not issued. *See Alphin v. Henson*, 552 F.2d 1033, 1035 (4th Cir. 1977) ("Our control over a judgment of our court continues until our mandate has issued. . . ."); *accord Wilson v. Ozmint*, 357 F.3d 461, 464 (4th Cir. 2004). For the reasons that follow, the Court should exercise that discretion here.

**A.    The Court should vacate the opinions pursuant to *Munsingwear* because NAIJ's decertification renders the jurisdictional issue, which the Court and district court considered dispositive, moot.**

NAIJ's decertification renders moot the only issue decided by the district court and this Court: whether the FSLMRS precludes jurisdiction over NAIJ's claims because NAIJ is a certified bargaining representative that can proceed through the Statute's administrative review scheme. *See* Dist. Ct. Op. 7–14 (JA283–90); 4th Cir. Op. 5. The customary practice in such cases is to vacate the opinions pursuant to *Munsingwear*. *See Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 325 (4th Cir. 2021); *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010). In determining whether to follow that practice, the Court is "informed almost entirely, if not entirely, by the twin considerations of fault and public interest." *Hirschfeld*, 14 F.4th at 327 (quoting *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 (4th Cir. 2000)); *see also Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) ("Because this practice is rooted in equity,

the decision whether to vacate turns on the conditions and circumstances of the particular case." (cleaned up)). Both considerations weigh strongly in favor of vacating the panel opinion and district court opinion in this case.

First, the Court should vacate here because NAIJ did not cause the mootness. Decertification resulted not from "any voluntary action" by NAIJ, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994), but instead from a petition to decertify it filed by the Department of Justice. Indeed, NAIJ's decertification has occurred despite NAIJ's best efforts to forestall that outcome.

To nonetheless leave the opinions in place would violate the principle of fairness that underlies the custom of vacating in these circumstances. As the Supreme Court has observed, where a party would seek review of the merits of an adverse ruling, but its ability to do so is frustrated by circumstances outside their control, it "ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 25. Thus, vacatur is normally appropriate where "mootness occurs through happenstance." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997); *see also, e.g., Hirschfeld*, 14 F.4th at 327–28 (vacating panel and district court opinions because plaintiff challenging laws restricting the sale of handguns to individuals aged 18–20 turned 21); *Norfolk S. Ry. Co.*, 608 F.3d at 161–62 (vacating portions of a district court opinion relating to federal preemption issues that were rendered moot by disposition of another issue on appeal); *U.S. Dep't of*

8

*Def. Dependent Schs., Fort Bragg, N.C. v. FLRA*, 838 F.2d 129, 130 (4th Cir. 1988) (vacating panel opinion concerning negotiability of union salary proposal after learning that the agency was already acting in accordance with the proposal).

Second, the public interest also favors vacatur. As a general matter, the Court's custom of vacating opinions where mootness occurs serves the public interest because it "promotes the orderly operation of the federal judicial system," *Hirschfeld*, 14 F.4th at 327 (cleaned up), and because it "clears the path for future litigation of the issues," *id.* Those interests are especially significant in this case. The jurisdictional question that this Court and the district court addressed is of great importance to federal public sector unions and their members, but NAIJ's decertification has effectively insulated the decisions from further review. Accordingly, the public interest would be best served by allowing the question to be considered again on a clean slate, when it can be litigated fully by those with a stake in the outcome.

> **B.      The Court should at least vacate its opinion pursuant to its authority to amend an opinion before the mandate issues.**

At the very least, this Court should exercise its authority to vacate its opinion pursuant to its authority to modify an opinion before the mandate issues, and remand the case with instructions to reconsider NAIJ's motion for a preliminary injunction. The Court has the power to do so because the mandate is still within its control. *See Wilson*, 357 F.3d at 464. It should exercise that authority here for several reasons.

9

First, the foundational premise of this Court's decision no longer holds: NAIJ is not, even in "a very formal sense," the certified bargaining representative of non-supervisory immigration judges. 4th Cir. Op. 5. NAIJ's decertification dramatically alters the facts of the case, rendering the Court's decision "unresponsive" to the actual circumstances surrounding the jurisdictional question it addressed. *Wilson*, 357 F.3d at 464 (amending opinion to reflect facts "not brought to the court's attention until *after* it issued its opinion"); *see also Alphin*, 552 F.2d at 1034–35 (amending opinion to reflect new legislation); *see also First Gibraltar Bank, FSB v. Morales*, 42 F.3d 895, 898 (5th Cir. 1995) (same). Second, whether or not the appeal is now "moot" in the technical sense, the Court's opinion has effectively been rendered advisory because it addresses a legal question that has been overtaken by events. Third, the Court's decision implicates an important question, but NAIJ has been precluded from seeking review of it because of circumstances outside its control. Allowing the decision to stand in these circumstances would cause unfairness. *Cf. Alphin*, 552 F.2d at 1035 (recognizing that the Court may even *recall* the mandate "to avoid injustice").

II.    **In the alternative, the panel should grant rehearing to modify its opinion in light of NAIJ's decertification.**

In the alternative, the Court should grant rehearing in order to modify its opinion in one critical respect. The final sentence of the opinion affirms the district court's decision and instructs it to dismiss the case, but in light of NAIJ's

10

decertification, the Court should instead vacate the district court's decision and instruct it to reconsider NAIJ's motion for a preliminary injunction.

In its opinion, the Court correctly anticipated that NAIJ might be decertified following its decision. In fact, the Court built this contingency into its conclusion: "*Until* the Regional Director complies with the FLRA's order or the FLRA itself decertifies the Union, we conclude that the Union must proceed through the administrative process provided by the [FSLMRS]." Op. 5 (emphasis added); *see also* Oral Arg. 3:43 (Wilkinson, J.) (explaining that decertification would raise "a different question"), 9:31–53 (Wilkinson, J.) (similar), 41:29–48 (Niemeyer, J.) (suggesting that "if th[e] reason" for the district court's holding "disappears," the response should be remand to the district court), 44:29–46 (Heytens, J.) (asking the government to agree that decertification would "call[] into question" "the entire basis of the district court's decision"), 44:46–45:05 (government counsel agreeing). The Court's order "overlook[s]" this same contingency, however, by requiring the district court to dismiss the case regardless of whether NAIJ has been decertified. Fed. R. App. P. 40. Because the very contingency foreseen by the Court has now arisen, the Court should grant rehearing to vacate the district court's decision and instruct it to reconsider NAIJ's motion for a preliminary injunction now that NAIJ

11

has been decertified.[4] *Cf. Food & Water Watch v. EPA*, 20 F.4th 506, 508 (9th Cir. 2021) (granting rehearing for purposes of modifying the scope of the panel's previous order); *Schell v. Chief Justice & Justices of Okla. Supreme Ct.*, 11 F.4th 1178, 1194 n.10 (10th Cir. 2021) (granting rehearing for purposes of clarifying the scope of discovery on remand).

## Conclusion

For the foregoing reasons, this Court should vacate its prior opinion and the opinion of the district court dated August 6, 2020. In the alternative, the Court should grant rehearing to amend its prior opinion to vacate the district court's order denying NAIJ's motion for a preliminary injunction and remand with instructions to reconsider that motion in light of NAIJ's decertification.

April 27, 2022                                        Respectfully submitted,

                                                      /s/ Ramya Krishnan
                                                     Ramya Krishnan
                                                     Stephanie Krent
                                                     Alyssa Morones
                                                     Alex Abdo
                                                     Knight First Amendment Institute at
                                                        Columbia University

---

[4] If the Court does not grant this relief, the district court will be bound to dismiss the case, even though doing so would be inconsistent with the Court's reasoning. *See Invention Submission Corp. v. Dudas*, 413 F.3d 411, 415 (4th Cir. 2005) ("Because our order stated that the district court lacked jurisdiction, the court was not free to do anything else but to dismiss the case."). The Court should not permit such an inappropriate result.

475 Riverside Drive, Suite 302
New York, NY 10115
Phone: (646) 745-8500
Fax: (646) 661-3351
ramya.krishnan@knightcolumbia.org

Victor M. Glasberg
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
Phone: (703) 684-1100
Fax: (703) 684-1104
vmg@robinhoodesq.com

13

## CERTIFICATE OF COMPLIANCE

I certify that this combined motion and petition for rehearing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) and 40(b)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 2,820 words.

/s/ Ramya Krishnan
Ramya Krishnan

14